[No. 6662.  Decided July 10, 1907.]

## Emma Seigmund, *Appellant*, v. Louis W. Seigmund, *Respondent*.[1]

DIVORCE—GROUNDS—NONSUPPORT.  Nonsupport by an able-bodied husband, earning good wages, which were spent for liquor, without any excuse for the neglect, constitutes statutory ground for a divorce.

APPEAL—REVIEW—FINDINGS—DIVORCE.  Upon appeal from a judgment denying a divorce, in which the findings bring the plaintiff completely within the provisions of the statute respecting nonsupport, justifying a decree, and there are no findings justifying or excusing the defendant's neglect, or any statement of facts brought up on appeal, the case must be reversed with directions to grant a divorce.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 18, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, dismissing an action for divorce.  Reversed.

*McBurney & Cummings*, for appellant.

Root, J.—Plaintiff instituted this action to dissolve the bonds of matrimony existing between herself and defendant, and to secure a decree awarding her the custody and control of their two minor children.  Nonsupport was alleged as the basis of the action.  The defendant was personally served with summons and complaint, but did not appear.  After default, the prosecuting attorney appeared and resisted the action.  Findings of fact and conclusions of law were made and signed by the trial judge, and a decree thereupon entered dismissing plaintiff's action.  From this decree an appeal is prosecuted.

Among others, the court made the following findings:

"That since the marriage of the plaintiff with the defendant, Louis W. Seigmund, the said defendant, has been at all

1Reported in 90 Pac. 913.

times an able-bodied man earning good wages and well able to support and maintain the plaintiff and the said minor children; that at all times during the said marriage defendant has wholly failed and neglected to adequately support and maintain the plaintiff and said minor children; that during the past two years the defendant has contributed nothing whatever to the support of plaintiff and said minor children, excepting a single pair of shoes that he purchased for the said daughter Vila; that much of the time during the past two years said defendant compelled the plaintiff to support him by running and maintaining a lodging and boarding house in the city of Seattle.

"That on or about the first day of April, 1906, defendant wholly deserted plaintiff and said minor children; during the month of June, said year, left the city of Seattle with the intention to not return.

"That the defendant, Louis W. Seigmund, is habitually addicted to the intemperate use of liquor, and frequently while under the influence of liquor, would use toward the plaintiff and in the presence of the minor children, violent and abusive language; that he is a man of vicious habits and has spent his income and always spent his income to satisfy his said appetite for liquor or in vicious and immoral ways."

There were no findings made that justify or excuse the defendant for the neglect of duty and the misconduct shown in the findings recited, and none showing any dereliction on the part of plaintiff. The defendant has not appeared in this court, nor has the state or any one else in support of the judgment rendered. Hence, we do not know the character of the defense interposed, or the theory upon which the trial court decided the case. There is no statement of facts or bill of exceptions, and we do not know what was shown by the evidence and proceedings other than as revealed by the findings. The latter bring the plaintiff completely within the provisions of the statute and justify the prayer of her complaint.

The judgment of the honorable superior court is reversed, and the cause remanded with directions to enter a decree dissolving the bonds of matrimony existing between plaintiff and defendant and awarding to plaintiff the custody, care, and

control of the two minor children. The court shall also in its decree provide for the allowance to the plaintiff, for herself and for the support of the children, of an appropriate sum, if in its judgment such action would be meet and proper in the premises.

HADLEY, C. J., FULLERTON, MOUNT, and CROW, JJ., concur.